IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 10-cr-00446-PAB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1. CHRISTIAN CASTILLO-ARMENT,
2. ALDO ROCHA-ACOSTA,

      Defendants.
_____

## MINUTE ORDER
_____

**Entered by Judge Philip A. Brimmer**

      It is ORDERED that on or before 12:00 p.m. on **Thursday, December 16, 2010**, the parties shall file any objections, corrections, and proposed additions to the preliminary set of jury instructions which are attached.

      DATED December 7, 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 10-cr-00446-PAB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1. CHRISTIAN CASTILLO-ARMENT,
2. ALDO ROCHA-ACOSTA,

      Defendants.

_____

## [DRAFT] JURY INSTRUCTIONS

_____

**INSTRUCTION NO. 1**

Members of the Jury:

In any jury trial there are, in effect, two judges.  I am one of the judges, you are the other.  I am the judge of the law.  You, as jurors, are the judges of the facts.  I presided over the trial and decided what evidence was proper for your consideration.  It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

In explaining the rules of law that you must follow, first, I will give you some general instructions which apply in every criminal case – for example, instructions about burden of proof and insights that may help you to judge the believability of witnesses.  Then I will give you some specific rules of law that apply to this particular case and, finally, I will explain the procedures you should follow in your deliberations, and the possible verdicts you may return.  These instructions will be given to you for use in the jury room, so you need not take notes.

**Source:** 1.03 Pattern Criminal Jury Instructions, Tenth Circuit (2005).

**INSTRUCTION NO. 2**

You, as jurors, are the judges of the facts.  But in determining what actually happened – that is, in reaching your decision as to the facts – it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you.  You must not substitute or follow your own notion or opinion as to what the law is or ought to be.  It is your duty to apply the law as I explain it to you, regardless of the consequences.  However, you should not read into these instructions, or anything else I may have said or done, any suggestion as to what your verdict should be.  That is entirely up to you.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy.  That was the promise you made and the oath you took.

**Source:** 1.04 Pattern Criminal Jury Instructions, Tenth Circuit (2005).

**INSTRUCTION NO. 3**

The government has the burden of proving the defendants guilty beyond a reasonable doubt.  The law does not require a defendant to prove his innocence or produce any evidence at all.  The government has the burden of proving the defendants guilty beyond a reasonable doubt, and if it fails to do so, you must find the defendants not guilty.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of a defendant's guilt.  There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.  It is only required that the government's proof exclude any "reasonable doubt" concerning the defendants' guilt.  A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case.  If, based on your consideration of the evidence, you are firmly convinced that a defendant is guilty of the crime charged, you must find him guilty.  If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

**Source:** 1.05 Pattern Criminal Jury Instructions, Tenth Circuit (2005).

**INSTRUCTION NO. 4**

A separate crime is charged against one or both of the defendants in each count of the indictment.  You must separately consider the evidence against each defendant on each count and return a separate verdict for each defendant.

**Source:** 1.22 Pattern Criminal Jury Instructions, Tenth Circuit (2005).

**INSTRUCTION NO. 5**

You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, **[the stipulations that the lawyers agreed to, and the facts that I have judicially noticed]**.

Nothing else is evidence. The lawyers' statements and arguments are not evidence.  Their questions and objections are not evidence.  My legal rulings are not evidence.  And my comments and questions are not evidence.

**[During the trial, I did not let you hear the answers to some of the questions that the lawyers asked.  I also ruled that you could not see some of the exhibits that the lawyers wanted you to see.  And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record.  You must completely ignore all of these things.  Do not even think about them.  Do not speculate about what a witness might have said or what an exhibit might have shown.  These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.]**

**Source:** 1.06 Pattern Criminal Jury Instructions, Tenth Circuit (2005).

**INSTRUCTION NO. 6**

There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case.  One is direct evidence, such as the testimony of an eyewitness.  The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence.  The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in the light of common experience.  An inference is a conclusion that reason and common sense may lead you to draw from facts which have been proved.

By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in this case.

**Source:** 1.07 Pattern Criminal Jury Instructions, Tenth Circuit (2005).

**INSTRUCTION NO. 7**

I remind you that it is your job to decide whether the government has proved the guilt of each defendant beyond a reasonable doubt.  In doing so, you must consider all of the evidence.  This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony.  An important part of your job will be making judgments about the testimony of the witnesses **[including the defendants – or – including the defendant, Mr. _____]** who testified in this case.  You should think about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was.

**[The testimony of the defendant should be weighed and his credibility evaluated in the same way as that of any other witness.]**

In reaching a conclusion on a particular point, or ultimately in reaching a verdict in this case, do not make any decisions simply because there were more witnesses on one side than on the other.


**Source:** 1.08 Pattern Criminal Jury Instructions, Tenth Circuit (2005).

**INSTRUCTION NO. 8**

**[If Applicable]**

The **[defendants]** did not testify and I remind you that you cannot consider their decision not to testify as evidence of guilt.  You must understand that the Constitution of the United States grants to a defendant the right to remain silent.  That means the right not to testify.  That is a constitutional right in this country, it is very carefully guarded, and you must not presume or infer guilt from the fact that a defendant does not take the witness stand and testify or call any witnesses.

**Source:** 1.08.1 Pattern Criminal Jury Instructions, Tenth Circuit (2005).

**INSTRUCTION NO. 9**

**[If Applicable]**

The testimony of a witness may be discredited or impeached by showing that the witness previously has been convicted of a **[felony, that is, of a crime punishable by imprisonment for a term of years]** or of a **[crime of dishonesty or false statement]**. A prior conviction does not mean that a witness is not qualified to testify, but is merely one circumstance that you may consider in determining the credibility of the witness. You may decide how much weight to give any **[prior felony conviction] [crime of dishonesty]** that was used to impeach a witness.

**Source:** 1.12 Pattern Criminal Jury Instructions, Tenth Circuit (2005).

**INSTRUCTION NO. 10**

**[If Applicable]**

In some cases, such as this one, scientific, technical, or other specialized knowledge may assist the jury in understanding the evidence or in determining a fact in issue.  A witness who has knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters.

You are not required to accept such an opinion.  You should consider opinion testimony just as you consider other testimony in this trial.  Give opinion testimony as much weight as you think it deserves, considering the education and experience of the witness, the soundness of the reasons given for the opinion, and other evidence in the trial.

**Source:** 1.17 Pattern Criminal Jury Instructions, Tenth Circuit (2005).

**INSTRUCTION NO. 11**

An informant is someone who provides evidence against someone else for a personal reason or advantage.  The testimony of an informant alone, if believed by the jury, may be of sufficient weight to sustain a verdict of guilt, even though not corroborated or supported by other evidence.  You must examine and weigh an informant's testimony with greater care than the testimony of an ordinary witness.  You must determine whether the informant's testimony has been affected by self-interest, by an agreement he has with the government, by his own interest in the outcome of the case, or by prejudice against one or both of the defendants.

You should not convict a defendant based on the unsupported testimony of an informant, unless you believe the unsupported testimony beyond a reasonable doubt.


**Source:** 1.14 Pattern Criminal Jury Instructions, Tenth Circuit (2005).

**INSTRUCTION NO. 12**

**[If Applicable]**

Evidence relating to any statement attributed to a defendant alleged to have been made after the commission of the crimes charged in this case but not made in court, should always be considered by you with caution and weighed with care.  Any such statements should be disregarded entirely unless the other evidence in the case convinces you by a preponderance of the evidence that the statement was made knowingly and voluntarily.

In determining whether any such statement was knowingly and voluntarily made, you should consider, for example, the age, gender, training, education, occupation, and physical and mental condition of the defendant, and any evidence concerning his treatment while under interrogation if the statement was made in response to questioning by government officials, and all the other circumstances in evidence surrounding the making of the statement.

If, after considering all this evidence, you conclude by a preponderance of the evidence that the defendant's statement was made knowingly and voluntarily, you may give such weight to the statement as you feel it deserves under all the circumstances.

Of course, any such statement should not be considered in any way whatsoever as evidence with respect to any other defendant on trial.

**Source:** 1.26 Pattern Criminal Jury Instructions, Tenth Circuit (2005).

**INSTRUCTION NO. 13**

**[If Applicable]**

"Preponderance of evidence" is evidence sufficient to persuade you that a fact is more likely present than not present.

**Source:** 1.05.1 Pattern Criminal Jury Instructions, Tenth Circuit (2005).

**INSTRUCTION NO. 14**

You have heard evidence of other acts engaged in by the defendant Aldo

Rocha-Acosta.  You may consider that evidence only as it bears on Mr. Rocha-Acosta's

intent and knowledge and for no other purpose.  Of course, the fact that Mr. Rocha-

Acosta may have previously committed an act similar to the one charged in this case

does not mean that he necessarily committed the act charged in this case.

**Source:** 1.30 Pattern Criminal Jury Instructions, Tenth Circuit (2005).

# INSTRUCTION NO. 15

The law recognizes two kinds of possession: actual possession and constructive possession.  A person who knowingly has direct physical control over an object or thing, at a given time, is then in actual possession of it.

A person who, although not in actual possession, knowingly has the power at a given time to exercise dominion or control over an object, either directly or through another person or persons, is then in constructive possession of it.

More than one person can be in possession of an object if each knows of its presence and has the power to control it.

A defendant has joint possession of an object when two or more persons share actual or constructive possession of it.  However, merely being present with others who have possession of the object does not constitute possession.

In the situation where the object is found in a place (such as a room or car) occupied by more than one person, you may not infer control over the object based solely on joint occupancy.  Mere control over the place in which the object is found is not sufficient to establish constructive possession.  Instead, in this situation, the government must prove some connection between the particular defendant and the object.

In addition, momentary or transitory control of an object is not possession.  You should not find that the defendant possessed the object if he possessed it only momentarily, or did not know that he possessed it.

**Source:** 1.31 Pattern Criminal Jury Instructions, Tenth Circuit (2005).

**INSTRUCTION NO. 16**

You will note that count one of the indictment charges that the crimes were committed "on or about" certain dates.  The government must prove beyond a reasonable doubt that the defendants committed the crime reasonably near those dates.

**Source:** 1.18 Pattern Criminal Jury Instructions, Tenth Circuit (2005).

**INSTRUCTION NO. 17**

If you find either defendant or both defendants guilty, it will be my duty to decide what the punishment will be.  You should not discuss or consider the possible punishment in any way while deciding your verdict.

**Source:** 1.20 Pattern Criminal Jury Instructions, Tenth Circuit (2005).

# INSTRUCTION NO. 18

The indictment in this case states as follows.

## Count One

From on or about August 5, 2010, through on or about August 10, 2010, both dates being approximate and inclusive, within the State and District of Colorado and elsewhere, the defendants, CHRISTIAN CASTILLO-ARMENT and ALDO ROCHA-ACOSTA, did knowingly and intentionally conspire with each other and with others known and unknown to the Grand Jury, to knowingly and intentionally distribute and possess with the intent to distribute 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 846 and 841(a)(1), and 841(b)(1)(A)(ii)(II).

## Count Two

On or about August 10, 2010, within the State and District of Colorado, the defendants, CHRISTIAN CASTILLO-ARMENT, ALDO ROCHA-ACOSTA, and others unknown to the Grand Jury, did knowingly and intentionally distribute and possess with the intent to distribute 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, and did knowingly and intentionally aid, abet, counsel, command, induce or procure the same.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(ii)(II), and Title 18, United States Code, Section 2.

**Source:** Indictment [Docket No. 25].

**INSTRUCTION NO. 19**

Both counts of the indictment accuse the defendants of violating the same

statute in more than one way.  In other words, the indictment alleges that the statute in

question was violated by various acts which are in the indictment joined by the

conjunctive "and," while the statute and elements of the offense are stated in the

disjunctive, using the word "or."  In these instances, it is sufficient for a finding of guilt if

the evidence established beyond a reasonable doubt the violation of the statute by any

one of the acts charged.  In order for you to return a guilty verdict, however, all twelve of

you must agree that the same act has been proven.

**Source:** Government's Proposed Instruction No. 15.

**INSTRUCTION NO. 20**

The defendants are each charged in count one with a violation of 21 U.S.C. § 846.

This law makes it a crime for anyone to conspire with someone else to violate federal laws pertaining to controlled substances.  In this case, the defendants are charged with conspiracy to possess with intent to distribute cocaine.

To find a defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt as to that defendant:

*First*: two or more persons agreed to violate the federal drug laws;

*Second*: the defendant knew the essential objective of the conspiracy;

*Third*: the defendant knowingly and voluntarily involved himself in the conspiracy;

*Fourth*: there was interdependence among the members of the conspiracy; that is, the members, in some way or manner, intended to act together for their shared mutual benefit within the scope of the conspiracy charged; and

*Fifth*: the overall scope of the conspiracy involved at least 5 kilograms or more of a substance containing a detectable amount of cocaine.


A conspiracy is an agreement between two or more persons to accomplish an unlawful purpose.  It is a kind of "partnership in criminal purposes" in which each member becomes the agent or partner of every other member.  Once a person becomes a member of a conspiracy, he is held legally responsible for the acts of the other members done in furtherance of the conspiracy, even though he was not present

or aware that the acts were being committed.

Mere similarity of conduct among various persons, and the fact they may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy.

The evidence in the case need not show that the members entered into any express or formal agreement.  Nor is it necessary that the evidence show that the members stated between themselves what their object or purpose was to be, or the details thereof, or the means by which the object or purpose was to be accomplished. In order to establish proof that a conspiracy existed, the evidence must show beyond a reasonable doubt that the members in some way or manner, or through some contrivance, expressly or impliedly came to a mutual understanding to try to accomplish a common and unlawful plan.

The evidence in the case need not establish that all the means or methods set forth in the indictment were agreed upon to carry out the alleged conspiracy, nor that all means or methods which were agreed upon were actually used or put into operation, nor that all of the persons charged to have been members of the alleged conspiracy were members.  Rather, the evidence in the case must establish beyond a reasonable doubt that the alleged conspiracy was knowingly formed, and that one or more of the means or methods described in the indictment were agreed upon to be used, in an effort to effect or accomplish some object or purpose of the conspiracy, as charged in the indictment, and that two or more persons, including the defendant, were knowingly members of the conspiracy.

If you conclude from the evidence beyond a reasonable doubt that a conspiracy as charged did exist, then you must next determine whether the defendant was a member of that conspiracy; that is, whether the defendant participated in the conspiracy with knowledge of its unlawful purposes and in furtherance of its unlawful objectives.  In determining whether the defendant was a member of the conspiracy, the jury must consider only his acts and statements.  The defendant cannot be bound by the acts or declarations of other participants until it is established that a conspiracy existed, and that he was one of its members.

To be a member of the conspiracy, the defendant need not know all of the other members or all of the details of the conspiracy, nor the means by which the objects were to be accomplished.  Each member of the conspiracy may perform separate and distinct acts.  It is necessary, however, that for the defendant to be a member of the conspiracy, the government must prove beyond a reasonable doubt that he was aware of the common purpose and was a willing participant with the intent to advance the purposes of the conspiracy.  In other words, while a defendant need not participate in all the acts or statements of the other members of the conspiracy to be bound by them, the acts or statements must be interdependent so that each member of the conspiracy depends upon the acts and statements of the other conspirators to make the conspiracy succeed.

The extent of a defendant's participation in the conspiracy is not relevant to whether he is guilty or not guilty.  A defendant may be convicted as a conspirator even though he plays a minor part in the conspiracy.  His financial stake, if any, in the venture is a factor that may be considered in determining whether a conspiracy existed

and whether the defendant was a member of it.

To avoid responsibility for the results of the conspiracy beyond a certain point in time, a defendant bears the burden of showing withdrawal from the conspiracy once it has been shown that he participated in it.  The defendant must show that he took affirmative action to defeat or disavow the purpose of the conspiracy at some point. The mere arrest of one or more coconspirators does not necessarily terminate the conspiracy.  To be effective, a withdrawal must be complete and permanent; a partial or temporary withdrawal is not enough.

**Source:** 2.87 Pattern Criminal Jury Instructions, Tenth Circuit (2005); Government's Proposed Instruction No. 22.

**INSTRUCTION NO. 21**

The defendants are charged in count two with a violation of 21 U.S.C. § 841(a)(1).

This law makes it a crime to distribute or possess a controlled substance with the intent to distribute it.

To find a defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt as to that defendant:

*First*: the defendant knowingly or intentionally possessed cocaine as charged;

*Second*: the defendant possessed the substance with the intent to distribute it or did distribute it; and

*Third*: the weight of the cocaine the defendant possessed was at least 5 kilograms as charged.

Cocaine is a controlled substance within the meaning of the law.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

It does not matter whether the defendant knew the substance was cocaine.  It is sufficient that the defendant knew it was some kind of prohibited drug.


**Source:** 2.85 Pattern Criminal Jury Instructions, Tenth Circuit (2005); Government's Proposed Instruction No. 20.

**INSTRUCTION NO. 22**

When the word "knowingly" is used in these instructions, it means that the act was done voluntarily and intentionally, and not because of mistake or accident. Although knowledge on the part of a defendant cannot be established merely by demonstrating that the defendant was negligent, careless, or foolish, knowledge can be inferred if the defendant deliberately blinded himself to the existence of a fact. Knowledge can be inferred if a defendant was aware of a high probability of the existence of the presence of cocaine, unless the defendant did not actually believe there was cocaine present.

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind.  In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent.

You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.  It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.


**Source:** 1.37 Pattern Criminal Jury Instructions, Tenth Circuit (2005); Government's Proposed Instruction No. 21.

**INSTRUCTION NO. 23**

Count two of the indictment also charges a violation of 18 U.S.C. § 2, which provides that: "Whoever commits an offense against the United States, or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."

This law makes it a crime to intentionally help someone else commit a crime.  To find a defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt as to that defendant:

*First*: someone else committed the charged crime, and

*Second*: the defendant intentionally associated himself in some way with the crime and intentionally participated in it as he would in something he wished to bring about.  This means that the government must prove that the defendant consciously shared the other person's knowledge of the underlying criminal act and intended to help him.

The defendant need not perform the underlying criminal act, be present when it is performed, or be aware of the details of its commission to be guilty of aiding and abetting.  But a general suspicion that an unlawful act may occur or that something criminal is happening is not enough.  Mere presence at the scene of a crime and knowledge that a crime is being committed are also not sufficient to establish aiding and abetting.

**Source:** 2.06 Pattern Criminal Jury Instructions, Tenth Circuit (2005).

**INSTRUCTION NO. 24**

Sometimes jurors have difficulty understanding the legal difference between the criminal offenses of "conspiracy" and "aiding and abetting."

"Conspiracy" depends and is based on any agreement, unspoken or expressed, whether carried over into a conspiratorial act or not; whereas "aiding and abetting" depends on a showing of conscious participation in a criminal act, i.e., knowingly assisting in the performance of the criminal act charged.

It is the element of "agreement" that distinguishes conspiracy from aiding and abetting.

**Source:** 2.19 (Use Note) Pattern Criminal Jury Instructions, Tenth Circuit (2005).

**INSTRUCTION NO. 25**

In a moment the court security officer will escort you to the jury room and provide each of you with a copy of the instructions that I have just read.  Any exhibits admitted into evidence will also be placed in the jury room for your review.

When you go to the jury room, you should first select a foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.  The second thing you should do is review the instructions.  Not only will your deliberations be more productive if you understand the legal principles upon which your verdict must be based, but for your verdict to be valid, you must follow the instructions throughout your deliberations.  Remember, you are the judges of the facts, but you are bound by your oath to follow the law stated in the instructions.

To reach a verdict, whether it is guilty or not guilty, all of you must agree.  Your verdict must be unanimous.  Your deliberations will be secret.  You will never have to explain your verdict to anyone.

You must consult with one another and deliberate in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors.  During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong.  But do not give up your honest beliefs solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges — judges of the facts.  You must decide whether the government has proved one or both of the defendants guilty beyond a reasonable doubt.

A form of verdict has been prepared for your convenience.

[Reading of Verdict Form]

The foreperson will write the unanimous answer of the jury in the spaces provided for, either guilty or not guilty.  At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the court security officer.  I will either reply in writing or bring you back into the court to respond to your message.  Under no circumstances should you reveal to me the numerical division of the jury.

**Source:** 1.23 Pattern Criminal Jury Instructions, Tenth Circuit (2005).